ORIGINAL

BRYAN WILSON (BAR NO. 138842)
BWilson@mofo.com
PETER H. DAY (BAR NO. 275155)
PDay@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
VERIO INC.
NTT AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON VALLEY TELECOM EXCHANGE, LLC, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VERIO, INC., a Delaware corporation; NTT AMERICA, INC., a Delaware corporation; and DOES 1 through 25,<br><br>Defendants. | Case No. CV 12-00899 HRL<br><br>**DEFENDANTS VERIO INC. AND NTT AMERICA, INC.'S JOINT NOTICE OF REMOVAL**<br><br>Date:<br>Time:<br>Dept:<br>Judge:<br><br>Date Action Filed: |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1332, Defendants Verio Inc. ("Verio") and NTT America, Inc. ("NTTA) remove the above-entitled action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

**PROCEDURAL HISTORY**

1. On January 6, 2012, Silicon Valley Telecom Exchange, LLC ("SVTX") filed its Complaint in the Superior Court of the State of California for the County of Santa Clara against Defendants Verio and NTTA, entitled *Silicon Valley Telecom Exchange, LLC v. Verio, Inc; NTT*

*America, Inc.*, Case No. CV216304. A true and correct copy of the Complaint is attached hereto as Exhibit A. Additionally, all other process and orders related to this dispute are attached as Exhibits B through E.

2. Defendant Verio was served with the Complaint on January 23, 2012.

3. Defendant NTTA was served with the Complaint on January 24, 2012.

## BASIS FOR REMOVAL

4. This Notice of Removal is filed within 30 days of receipt of service as required by 28 U.S.C. § 1446(b)(2)(B). By filing this Notice of Removal, Defendant reserves all rights and legal defenses to the Complaint.

## JURISDICTION

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. And this action is removable to this Court under 28 U.S.C. § 1441(b) because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## COMPLETE DIVERSITY EXISTS

6. The diversity standard of 28 U.S.C. § 1332 ("§ 1332") is met if every defendant is a citizen of a different state than any of the named plaintiffs. § 1332(c)(1).

7. As of the date the Complaint was filed in Santa Clara Superior Court, and as of the date of this removal, Plaintiff SVTX is a California limited liability corporation with its principal place of business in Santa Clara County, California. (Ex. A ¶ 4).

8. As of the date the Complaint was filed in Santa Clara Superior Court, and as of the date of this removal, Verio is a Delaware corporation with its principal places of business in Colorado and Florida. (Declaration of David Belger ¶¶ 3-5.); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010) (locating a corporation's principal place of business at its "nerve center": the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," "typically" the corporation's headquarters); *see also Washington v. Shell Oil Prods, U.S.*, 2007 U.S. Dist. LEXIS 58782 at *7-8 (N.D. Cal. Aug. 1, 2007) (declarations may be used to establish the factual basis for diversity of citizenship). Thus, under § 1332(c)(1), defendant Verio is, and at all relevant times was, a citizen of Delaware and Colorado.

9. As of the date the Complaint was filed in Santa Clara Superior Court and as of the date of this removal, NTTA is a Delaware corporation with its principal place of business in New York. *See* (Declaration of Lee-Wen Chen ¶¶ 3-4); *Hertz Corp.*, 150 S.Ct. at 1186. Thus, under § 1332(c)(1), defendant NTTA is, and at all relevant times was, a citizen of Delaware and New York.

10. The citizenship of defendants sued as "Does" is disregarded for purposes of removal. § 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded").

11. Since neither Verio nor NTTA were citizens of California at the time SVTX filed suit, this action satisfies § 1332's diversity of citizenship requirement.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. Verio and NTTA dispute that they are liable to SVTX. A plain reading of the Complaint, however, demonstrates that the amount in controversy exceeds $75,000 for purposes of removal.

13. The allegations in SVTX's Complaint make this plain. The Complaint seeks holdover rent based on Verio and NTTA's purported breach of contract, reimbursement of costs allegedly associated with remediation, rent allegedly lost during remediation, miscellaneous damages allegedly associated with remediation, and attorney's fees. (Compl., "Prayer" ¶ 1-3)

14. Specifically, SVTX alleges that beginning in 1999, Verio's annual lease payment to SVTX was $460,252.21, with an annual rent increase of 2.75%. (Compl. ¶ 9). SVTX also alleges that Verio was, and remains, a holdover tenant owing holdover rent and common area maintenance ("CAM") charges since July 1, 2010. (Compl. ¶¶ 45-46, 50). SVTX further alleges that the holdover rate is 150% of the amount of Annual Rent prior to the date of termination. (Compl. Ex. C at 14). In fact, on November 17, 2011, SVTX sent Verio an invoice seeking $85,676 in holdover rent for November 2011, and nearly $4 million in past due rents and late fees. (Belger Dec. at 7.)

15. SVTX likewise alleges that beginning in 1999, NTTA's annual lease payment to SVTX was $288,072, with an annual rent increase of 4%. (Complaint ¶ 19). SVTX also alleges

that NTTA is obligated to pay holdover rent and CAM charges since June 1, 2010. (Complaint ¶¶ 61; *see also* Compl. ¶ 25). SVTX further alleges that the holdover rate is 150% of the amount of Annual Rent prior to the date of termination. (Compl., Ex. D at 15). Indeed, SVTX has been billing NTTA $51,252 in month for alleged holdover rental payments, and claims that NTTA owes over $2 million in rent and other charges. (Chen. Dec. at 7.)

16. Since the amount in controversy here approaches $6 million, and § 1332's diversity of citizenship requirement is met, removal is appropriate. *See* 28 U.S.C. § 1441(b).

## NOTICE TO STATE COURT

17. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the County of Santa Clara.

## INTRADISTRICT ASSIGNMENT

18. Assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is appropriate because this action was originally filed in the Superior Court of California, County of Santa Clara. Civil L.R. 3-2(c) and (e), 3-5(b).

Dated: February 23, 2012

BRYAN WILSON
PETER H. DAY
MORRISON & FOERSTER LLP

By: _____
PETER H. DAY

Attorneys for Defendants
VERIO INC. and NTT AMERICA, INC.

VERIO INC. AND NTT AMERICA, INC.'S JOINT NOTICE OF REMOVAL
Case No. _____
pa-1512288

4