EDWARD F. CULLEN, #133155
WILLIAMS, PINELLI & CULLEN
110 North Third Street
San Jose, California 95112

MARC L. PINCKNEY, #127004
Law Office of Marc L. Pinckney
4660 La Jolla Village Drive
Fifth Floor - PMB 50077
San Diego, California 92122
Telephone: (408) 857-0880

Attorneys for Plaintiff
SILICON VALLEY TELECOM EXCHANGE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON VALLEY TELECOM EXCHANGE, LLC, a California corporation,<br>Plaintiff<br>vs.<br>VERIO, INC., a Delaware corporation; NTT AMERICA, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br>Defendants. | Case No. CV 12-00899 HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Rule 26(f) and Civil L.R. 16-9, Plaintiff Silicon Valley Telecom Exchange, LLC ("Plaintiff") and Defendants Verio, Inc. ("Verio") and NTT America, Inc. ("NTTA") jointly submit the following Joint Case Management Conference Statement:

1. *Jurisdiction and Service*: This Court has jurisdiction over this action under 28 U.S.C. §1332 because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interests and costs. Neither party contests jurisdiction, nor do any parties remain to be served.

2. *Facts*:

On January 6, 2012, Silicon Valley Telecom Exchange, LLC ("SVTX") filed its Complaint in the Superior Court of the State of California for the County of Santa Clara against Defendants Verio and NTTA, entitled *Silicon Valley Telecom Exchange, LLC v. Verio, Inc.; NTT America, Inc.; and DOES 1 through 25, inclusive,* Case No. CV216304. Defendant Verio was served with the Complaint on January 23, 2012. Defendant NTTA was served with the Complaint on January 24, 2012. On February 23, 2012, Verio and NTTA removed this case to the Northern District of California, San Jose Division.

In its Complaint, SVTX alleges breach of contract against both Verio and NTTA. SVTX alleges that Verio and NTTA are holdover tenants based on remediation work conducted at 250 Stockton Ave. in San Jose, California to clean up soil contaminated with diesel fuel. Verio and NTTA deny SVTX's allegations, and assert the following affirmative defenses: SVTX has failed to state facts sufficient to state a claim, SVTX's claims are barred by the statute of limitations, SVTX's claims are barred by unclean hands, waiver, failure to mitigate and estoppel.

3. *Legal Issues*:

Legal Issues Identified by Plaintiff:

- Whether Defendants' clean up and remediation of the soil contamination constitutes a hold over of the leased premises.

Legal Issues Identified by Defendant:

- Whether Verio and NTTA surrendered the premises;
- Whether SVTX accepted Verio and NTTA's surrender;
- Whether and to what extent Verio and NTTA had a duty to remediate;
- Whether Verio and NTTA complied with applicable environmental regulations;
- Whether NTTA is released from liability with respect to the premises; and
- Whether SVTX suffered damages as a result of the remediation.

4. *Motions*: There are no prior or pending motions. It is presently unknown whether Plaintiff will be bringing motions prior to trial.

5. *Amendment of Pleadings*: The parties do not anticipate claims or defenses will be added or dismissed. The parties have agreed to an August 1, 2012 deadline for amending pleadings.

6. *Evidence Preservation*: The Parties have taken steps to preserve evidence in this case including instructions not to delete or destroy documents or materials to persons having custody of documents, records and emails.

7. *Disclosures*: The parties have stipulated to submit their initial disclosures on June 1, 2012.

8. *Discovery*: There has been no discovery taken to date. The parties do not propose any limitations or modifications to the discovery rules. The parties discovery plan under Fed. R. Civ. P. 26(f) is as follows:

(a) The scope of anticipated discovery: Discovery is required on the following subjects: The ultimate issue in this case is whether Defendants are holdover tenants obligated to pay hold over rent. The sub-issues requiring resolution upon which discovery is required are:

(I) The validity of the leases between Plaintiff and Defendants;

(ii) Soil contamination on leased premises;

(iii) Admissions regarding soil contamination;

(iv) Duty to remediate soil contamination and scope of duty;

(v) Remediation of soil contamination and costs;

(vi) Damages; and

(vii) Defendants' affirmative defenses.

(b) Electronically Stored Information: The parties have discussed generally ESI and the systems involved. The parties do not presently anticipate complications regarding ESI and anticipate issues related to ESI will be clarified upon the completion of the depositions of principal witnesses.

(c) Privileged and protected materials: The parties appear to dispute the scope of the attorney client privilege and work product protections as it relates to a certain consultant. Specifically, Defendants intend to obtain discovery from a consultant who was hired at the direction of counsel who Plaintiff states was retained to provide environmental legal advice. Additionally, Defendants may depose one of Plaintiff's counsel, Marc Pinckney, since he was present and witnessed events Defendants believe will be relevant to their case in chief.

(d) Changes or limitations to Discovery: Parties do not request any changes or orders regarding discovery at this time.

(e) Other Orders: The parties are not aware that any other orders are required at this time.

9. *Class Actions*: Not applicable.

10. *Related Cases*: Plaintiff filed for Chapter 11 Bankruptcy protection in 2001 in the United States Bankruptcy Court, Northern District of California (Case No. 01-55137). Plaintiff's Chapter 11 plan was confirmed however the case is still open. Defendants were creditors in the bankruptcy case.

11. *Relief*: Plaintiff seeks hold over rent from Defendants until such time as Defendants obtain a closure letter from the appropriate governmental entities that the soil contamination/remediation work has been completed. The amount of damages requested by Plaintiff is the monthly hold over rent as set forth in the subleases plus Common Area Maintenance expenses and other charges set forth in the subleases, plus interest.

Verio and NTTA have asked for the following relief: That SVTX take nothing by its Verified Complaint; that Verio and NTTA be awarded their costs, expenses and reasonable attorney's fees; and that Verio and NTTA be awarded such other and further relief as the Court deems just and proper.

12. *Settlement and ADR*: The parties have stipulated to an Early Neutral Evaluation. The

prospects for an early settlement appear remote. The parties have complied with ADR L.R. 3-5. The deadline for Early Neutral Evaluation is August 8, 2012.

13. *Consent to Magistrate Judge for All Purposes*: The parties consent to a magistrate judge conducting all further proceedings, including trial.

14. *Other References*: The case does not appear to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. *Narrowing of Issues*: At this time, the parties do not foresee bifurcating any issues, claims, or defenses. Subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

Plaintiff believes that there are few factual disputes and the damages are capable calculated pursuant to the terms of the lease agreement. Plaintiff is hopeful that these issues will be narrowed at the Early Neutral Evaluation.

16. *Expedited Trial Procedure*: The parties do not consent to the handling of the case under the Expedited Trial Procedure.

17. *Scheduling*:
   (I) Last day to have dispositive motions heard: November 2, 2012.
   (ii) Discovery Cut-Off for written discovery and fact witnesses: November 9, 2012.
   (iii) Expert Disclosure (Rule 26(a)(2)(D): November 14, 2012.
   (iv) Expert Deposition Discovery Cut-Off: December 20, 2012.
   (v) Pretrial Conference: January 11, 2013
   (vi) Last day to submit Rule 26(a)(3) witness list: January 12, 2013
   (vii) Last day to file objections under Rule 26(a)(3): January 26, 2013
   (viii) Proposed Trial date: February 11, 2013
   (ix) Estimated length of trial: Seven (7) days.

18. *Trial*: The parties demand a jury trial and estimate the trial will last seven (7) days.

19. *Disclosure of Non-party Interested Entities or Persons*:
   (a) Plaintiff:

Fred Rubio is the managing member of Silicon Valley Telecom Exchange, LLC and Karen Rubio is a member of Silicon Valley Telecom Exchange, LLC

(b) Defendants:

The following entities related to Defendants have a non-financial interest in the subject of this litigation:

- NTT Communications Corporation 1-1-6 Uchisaiwa aicho, Chiyoda-ku, Tokyo, Japan.
- Nippon Telephone & Telegraph Corporation ("NTT"), 3-1, Otemachi 2-chome, Chiyoda-ku, Tokyo, Japan.

20. *Other Matters*: None.

Dated: May 29, 2012

WILLIAMS, PINELLI & CULLEN

/s/ Edward F. Cullen
Edward F. Cullen
Attorneys for Plaintiff
Silicon Valley Telecom Exchange, LLC

Dated: May 29, 2012

MORRISON & FOERESTER LLP

/s/ Bryan Wilson
Bryan Wilson
Attorneys for Defendants
VERIO, Inc. And NTTA America, Inc.