*E-FILED: May 28, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SILICON VALLEY TELECOM EXCHANGE, LLC,

    Plaintiff,

v.

VERIO, INC. ET AL.,

    Defendants.

No. C12-00899 HRL

**ORDER ON DISCOVERY DISPUTE JOINT REPORTS #1, #2, AND #3**

**(Dkt. Nos. 31, 32, 33)**

**Introduction**

Verio and NTTA leased separate subdivided spaces in a large warehouse at 250 Stockton Ave., San Jose. Their businesses required them to have backup electrical power. Verio installed a trio of diesel generators on a concrete pad on the grounds of 250 Stockton Ave., and both it and NTTA used them as needed.

In mid-2010, just as their respective leases were ending, Verio undertook, and within months finished, a remediation project to remove from the area around the concrete pad soil contamination which had been caused by spills of diesel fuel.

Silicon Valley Telecom Exchange, LLC ("SVTX"), the plaintiff here, is the defendants' former landlord. It sues Verio and NTTA for breaching their leases. Its suit focuses on the remediation work around the diesel generators. The remediation, says SVTX, was incomplete, inadequate, and not properly "certified" by a responsible public agency. Thus, the argument goes, defendants - having not left the premises in good order - never really vacated and so are liable for "hold over" rent from the date of expiration of the leases and continuing forward until the problem

is fixed.  Plaintiff also seeks damages on account of its claimed inability to re-rent the space vacated by defendants because of the lingering specter of contamination around the generator pad.

**DISCOVERY DISPUTE JOINT REPORT #1**

This discovery dispute concerns the adequacy of SVTX's responses to defendants' Request for Production of Documents, Set #1, and its failure to respond at all to defendants Requests for Admissions, Set #1, as well as the accompanying Request for Production of Documents, Set #3.

Discovery Dispute Joint Report #1 (DDJR#1) was filed February 22, 2013.  It represents that, as required by this court's Standing Order Re: Civil Discovery Disputes (Standing Order), lead counsel for all parties personally met and conferred about the discovery disputes at issue.  It says that plaintiff's counsel AGREED to produce the documents that defendants wanted (as well as a privilege log), but then did not do so before discovery closed, or before DDJR#1 was filed.  In fact, the court infers that, even now, three months later, they still have not been produced.[1]  Nothing was said about any agreement on the Requests for Admissions.

This court's Standing Order requires a face to face meet and confer to be followed (if agreement is not reached) by a DDJR in which both sides succinctly state their positions and suggested outcome.  It also says that, upon receipt of a DDJR, the court has the option of ruling based solely on the DDJR.  Clearly, this attempt to streamline the resolution of discovery disputes only works well when both sides participate in the DDJR.  Here, SVTX did not do so.  It appears that defendants made a more than reasonable effort to engage SVTX in the DDJR and that there was adequate time for it to do so before the deadline for filing.  There are usually two sides to every story.  Here, unfortunately, because the plaintiff did not engage as it was required to, the court has only heard one.

Paragraph 2(D)(vi) of the Standing Order says: "Unjustified delay or refusal to participate meaningfully in the preparation of the Joint Report is grounds for imposition of sanctions or entry of an order sought by the other side."  Accordingly, plaintiff's nonparticipation in the DDJR is reason enough to grant defendants the relief they seek.

However, based on what is before it, the court is satisfied that the discovery sought by defendants is both relevant and proper under the circumstances.  The court orders as follows:

---

[1] "Infers" because defendants said they would tell the court if and when the documents were produced, and they have not said so.

2

    a. Within 10 days SVTX will produce all lease agreements relating to 250 Stockton Avenue, all generator maintenance and operation logs, all communications with California Generator, all communications with Benjamin Berman, all soil testing and contamination documents, and all documents relating to attempts to lease 250 Stockton Ave. after June 2010;

    b. Excluding RFP No. 21 (which is moot), within 10 days SVTX will produce all documents responsive to Requests for Production of Documents Set #3;

    c. Within 15 days SVTX will produce with respect to withheld or redacted documents a privilege log that is sufficiently informative to establish that the claimed privilege applies (FRCP 26(b)(A));

    d. Defendants' Requests for Admissions, Set #1 are deemed admitted (FRCP 36(a)(3));

    e. Plaintiff will produce SVTX's Fred Rubio for further deposition about the documents (if any) that plaintiff has produced since his prior deposition as well as documents to be produced pursuant to this order. Length of deposition is limited to either 3 hours or the balance of time remaining from his prior deposition, whichever is longer; and

    f. The court reserves ruling on defendants' request for sanctions.

## DISCOVERY DISPUTE JOINT REPORT #2

This discovery dispute relates to FRCP 45 document subpoenas that defendants served on third parties Rubio and Associates, Inc, Silicon Valley Telecom and Internet Exchange, LLC, and RAIX, LLC (collectively, the "Rubio Entities"). Reportedly, Fred and Karen Rubio own SVTX, the plaintiff here. In addition they own or control the Rubio Entities and operate them out of 250 Stockton Avenue. Defendants assert that the deposition testimony of Fred Rubio disclosed that these three companies have documents relevant to the present lawsuit. Plaintiff supposedly agreed to produce at least some of the ones of interest, but never did so. Thus, the Rule 45 subpoenas. The Rubio Entities responded to some of the categories of document by saying they had none, but otherwise filed boiler plate objections and produced nothing.

3

Once again, and despite being given what seems to be a full and fair opportunity, counsel for the Rubio Entities (the same attorneys that represent plaintiff) did not participate in preparation of the DDJR, and as noted above, their failure to engage as the Standing Order requires is grounds to grant the relief defendants seek.

While some of the categories of documents sought are very sweeping and literal compliance might present an unwarranted burden on the Rubio Entities, defendants have narrowed and sharpened their requests in a manner that should substantially reduce any burden. And, the court is satisfied that the information sought is relevant and should be produced.

Accordingly, within 10 days the Rubio Entities shall produce the following:

    a. All documents referring to, relating to, or containing information about any alleged remediation impacts on the Rubio Entities;

    b. All documents referring to, relating to, or containing information about alleged impacts on the Rubio Entities arising from defendants' alleged failure to obtain an "environmental closure letter" or "final environmental report";

    c. All documents referring to, relating to, or containing information about (1) the environmental condition of 250 Stockton Ave., and (2) other potential sources of soil contamination at 250 Stockton Ave. aside from that caused by the diesel generators; and

    d. The court reserves ruling on defendants' request for sanctions.

**DISCOVERY DISPUTE JOINT REPORT #3**

This dispute concerns an environmental consulting company called E2C and one of its employees, Benjamin Berman. The court is told that E2C was hired by SVTX to oversee and document the soil remediation performed by defendants around the site of the diesel generators. Apparently, E2C gave that task to Berman.

Defendants served a FRCP 45 subpoena on E2C for all responsive documents concerning environmental contamination and remediation at 250 Stockton Ave. E2C served no objections and did produce responsive documents. But, say defendants, later documents showed up that had not been produced but should have been. And, despite producing documents with redactions (and, who

4

knows how many documents not produced at all because of a claim of privilege?), E2C never has submitted a privilege log.

DDJR #3 states that defense counsel met in person with plaintiff's counsel (who was representing E2C) to try to come to an agreement about E2C's full compliance with the subpoena and submission of a privilege log. No agreement. Therefore, once again, defendants tell the court they attempted to engage E2C's lawyer in the preparation of a DDJR, but without success.

So, as with SVTX and the Rubio Entities, E2C ignored the Standing Order, passing up its opportunity to give the court the benefit of hearing its reasons for why, if it is the case, it opposes the discovery sought by defendants. In any event, the defendants make a persuasive case for what they are seeking, and the court orders as follows:

    a. Within 10 days E2C shall produce all documents responsive to the subpoena and certify in writing that it has done so;

    b. Within 15 days E2C will produce with respect to withheld or redacted documents a privilege log that is sufficiently informative to establish that the claimed privilege applies (FRCP 26(b)(A));

    c. E2C will promptly produce Mr. Berman for further deposition as to the documents obtained or produced since his deposition; and

    d. The court reserves ruling on defendants' request for sanctions.

**IT IS SO ORDERED.**

Dated: May 28, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 12-00899 HRL Notice will be electronically mailed to:**

Brittany N. DePuy    bdepuy@mofo.com, llontayao@mofo.com

Bryan Joseph Wilson    bwilson@mofo.com, cfix@mofo.com

Edward F. Cullen    efcullen@wpclaw.com, bprevost@wpclaw.com

Kenneth Alexander Kuwayti    KKuwayti@mofo.com, BGomez@mofo.com

Marc Leroy Pinckney    marcpinckney@gmail.com

Peter H Day    pday@mofo.com, fsagapolu@mofo.com

Stefan Jan Szpajda    sszpajda@mofo.com, fsagapolu@mofo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**