1  BRYAN WILSON (BAR NO. 138842)
   BWilson@mofo.com
2  KENNETH A. KUWAYTI (BAR NO. 145384)
   KKuwayti@mofo.com
3  STEFAN J. SZPAJDA (BAR NO. 282322)
   SSzpajda@mofo.com
4  MORRISON & FOERSTER LLP
   755 Page Mill Road
5  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
6  Facsimile: 650.494.0792

7  Attorneys for Defendants
   VERIO INC. & NTT AMERICA, INC.
8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12 | SILICON VALLEY TELECOM EXCHANGE, LLC, a California corporation, | Case No. 12-CV-00899 HRL |
|---|---|
| Plaintiffs, | **DEFENDANTS' VERIO INC. AND NTT AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO SETTLEMENT** |
| v. | |
| VERIO INC., a Delaware corporation; NTT AMERICA, INC., a Delaware corporation; and DOES 1 through 25, | Date: October 22, 2013<br>Time: 10:00 am<br>Dept: Courtroom 2, 5th Floor<br>Judge: Hon. Howard R. Lloyd |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 22, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the United States District Court for the Northern District of California, at 280 South First Street in San Jose, California, defendants Verio Inc. ("Verio") and NTT America, Inc. ("NTTA") will, and hereby do, move, under Federal Rules of Civil Procedure 41(b) and 16(f) to dismiss the present action because the case has been settled, but the plaintiffs have not dismissed the case in accordance with the terms of the settlement. Verio and NTTA further request that before dismissing the case, the Court establish the amount of sanctions to be ordered against SVTX's counsel and SVTX pursuant to the Court's Order of July 30, 2013.  This motion is made on the ground that the parties entered into a binding and enforceable settlement of this matter on the record on August 28, and the Court has the power to summarily enforce the settlement.

The motion is based on this Notice of Motion, the accompanying Memorandum in support of the motion, the supporting Declaration of Stefan Szpajda, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**STATEMENT OF ISSUES**

**(Local Rule 7-4)**

1. Should the Court order the case dismissed pursuant to the parties August 28, 2013 agreement to settle the case, as stated on the record following a Court-supervised settlement conference, when Verio and NTTA have made the settlement payment but SVTX refuses to dismiss the action?

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case is over, yet plaintiff Silicon Valley Telecom Exchange, LLC ("SVTX") refuses to file a request for dismissal. The parties settled this case and released all claims during their August 28, 2013 settlement conference with Magistrate Judge Grewal. Verio Inc. ("Verio") and NTT America, Inc. ("NTTA") agreed to pay SVTX $225,000, and SVTX agreed to dismiss the case. Verio and NTTA discharged their settlement obligations on September 9, when Verio paid SVTX in full. SVTX, however, has not filed dismissal papers and is ignoring requests from Verio and NTTA that it do so. Verio and NTTA request that the Court dismiss this action under Federal Rules of Civil Procedure 41(b) and 16(f). In addition, to wrap up the one loose end in the case, Verio and NTTA request that the Court confirm the amount of the sanctions ordered against SVTX's counsel and SVTX per the Court's July 30, 2013 Order granting monetary sanctions.

## STATEMENT OF FACTS

The parties settled this case on August 28 following a day-long settlement conference with Magistrate Judge Grewal. Judge Grewal stated the settlement terms on the record, and both parties and their counsel confirmed their agreement to these terms. *See* Declaration of Stefan Szpajda In Support of Motion to Enforce Settlement ("Szpajda Dec.") Ex. A (Dkt. No. 88.).

The terms of the settlement are as follows:

- There will be and is a release and/or settlement of all claims involving SVTX, Verio, NTTA, and all affiliates thereof, relating to 250 Stockton Ave. in San Jose, California. *Id.* at 3:9-11.
- In exchange for the releases, Verio will make a payment of $225,000 to SVTX within 14 days. *Id.* at 3:15-16.

All parties and their counsel agreed to the terms on the record. *Id.* at 3:25-4:13. In addition, Judge Grewal stated that the Court expected dismissal papers "to be filed without unnecessary delay." *Id.* at 4:21-22.

Following the settlement conference, Verio and NTTA immediately sent SVTX a draft settlement agreement. Szpajda Dec. Ex. B. SVTX objected to the release language. Szpajda

Dec. Ex. C.  Verio and NTTA then sent a revised settlement agreement in which the release language was, verbatim, what the parties agreed to in Court and was stated on the record. Szpajda Dec. Ex. D.  SVTX objected this language as well.  Szpajda Dec. Exs. E and F.  Verio and NTTA then suggested that the parties rely solely on the terms stated on the record, and requested that SVTX dismiss the case upon receiving payment.  Szpajda Dec. Ex. G.

On September 9, in compliance with the agreement stated on the record, Verio paid SVTX the full settlement payment of $225,000 on behalf of both Verio and NTTA.  Szpajda Dec. ¶ 1. Despite several requests, SVTX has not filed dismissal papers.  Szpajda Decl. Exs. D and G.

There is only one other remaining matter in the case.  On July 30, 2013 the Court granted Verio and NTTA's motion for monetary sanctions against SVTX and its counsel.  *See* Dkt. No. 67.  The Court directed Verio and NTTA to provide a supplemental declaration to establish the amount of the sanctions.  Verio and NTTA filed a supplemental declaration on August 7, 2013, documenting fees in the amount of $24,600.63.  *See* Dkt. No. 68.  The Court has not yet issued an Order stating the final amount of the sanctions.

## ARGUMENT

### I.   THE COURT SHOULD DISMISS THIS ACTION

The Court has authority to dismiss cases when a party engages in improper litigation tactics, which includes failing to abide by a settlement agreement.  *See Calonico v. Pleasanton Gravel Co.*, 1995 U.S. Dist. LEXIS 16968, at *1-2 (N.D. Cal. Nov. 3, 1995) (granting motion to dismiss under Rules 41(b) and 16(f) where plaintiff agreed to settlement on the record at a settlement conference, but then refused to sign a settlement agreement and "engaged in costly unwarranted delaying tactics.")  In *Calonico*, the Court dismissed the action because plaintiff refused to cooperate with defendants after the parties reached settlement.  *Id.*  In the instant case, as in *Calonico*, the Ninth Circuit's factors for granting dismissal under Federal Rule of Civil Procedure 41(b) are easily met because the case is already over.  *See id.*; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) ("We require the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1  prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits;
2  and (5) the availability of less drastic sanctions."). Since SVTX refuses to file dismissal papers
3  following settlement, the Court has authority to dismiss this action under Federal Rules of Civil
4  Procedure 41(b) and 16(f).

5       Dismissal is appropriate in this case. There is no dispute that the parties entered into the
6  settlement agreement and that its terms are binding. As stated on the record, the parties were each
7  present and represented by counsel, and entered into the agreement voluntarily after spending an
8  entire day in a settlement conference with Judge Grewal. *See* Szpajda Dec. Ex. A at 3:23-4:13.
9  Verio and NTTA upheld their end of the bargain by paying SVTX $225,000. *See Id*. ¶ 1. The
10 sole obligation SVTX undertook was to dismiss this litigation. SVTX failed to do so, and has
11 ignored repeated requests by Verio and NTTA that it comply with its obligation to dismiss the
12 case. SVTX's pattern of failing to comply with its obligations in this litigation is well
13 documented. *See* Dkt. No. 67. The most reliable resolution will be for the Court to dismiss this
14 action under Federal Rules of Civil Procedure 41(b) and 16(f).

15 **II.     THE COURT SHOULD ENTER SANCTIONS AGAINST SVTX'S
            COUNSEL PER ITS JULY 30 ORDER**
16

17      The only other remaining issue in the case is the amount of sanctions to be ordered
18 pursuant to the Court's July 30, 2013 Order granting Verio and NTTA's motion for monetary
19 sanctions. *See* Dkt. No. 67. Verio and NTTA request that the Court enter an order setting the
20 amount of sanctions to be paid by SVTX's counsel and SVTX pursuant to the July 30 Order.

21                               **CONCLUSION**
22      The parties settled this case with the assistance of Judge Grewal, and Verio and NTTA
23 have complied with all of their obligations under the settlement. SVTX has not. The Court
24 should dismiss this case. In addition, the Court should enter the amount of sanctions against
25 SVTX's counsel per its July 30 order. SVTX's conduct following the settlement conference has
26 only confirmed the appropriateness of the sanctions order.

27
28

DEFENDANTS' MOTION TO DISMISS PURSUANT TO SETTLEMENT
CASE NO. 12-CV-00899 HRL                                       5
PA-1605564

| | | |
|---|---|---|
| 1 | Dated: September 12, 2013 | BRYAN WILSON |
| 2 | | KENNETH A. KUWAYTI |
| | | STEFAN S. SZPAJDA |
| 3 | | MORRISON & FOERSTER LLP |

By:  /s/ Bryan Wilson
     BRYAN WILSON