LAW OFFICE
# MARC L. PINCKNEY
8677 LA JOLLA VILLAGE DRIVE, SUITE 230
LA JOLLA, CALIFORNIA 92037
TELEPHONE: (858) 777-3090
email: marcpinckney@gmail.com

October 22, 2013

Hon. Howard R. Lloyd

    Re:    ***Silicon Valley Telecom Exchange, LLC v. Verio, Inc., et al.***
           Case No. C12-00899 HRL

Judge Lloyd:

    Pursuant to your order dated October 15, 2013 (Doc. No. 96), Plaintiff Silicon Valley Telecom Exchange, LLC submits the following letter brief in opposition to Defendants Verio, Inc. and NTT American, Inc.'s request for sanctions.

**Defendants' request for sanctions should be denied because all issues relating to the case have been settled.**

    On August 28, 2013, Judge Grewal presided over a settlement conference in this case. The purpose for the settlement conference was not to settle a portion of the case and leave remnants on the court's docket, but rather to settle the entire case, saving the litigants and the Court from spending additional time resolving ancillary matters. The objective of the settlement conference was to reach a final resolution of all the issues and to bring the case to a mutually acceptable resolution - which is in fact what occurred. To begin with, the clear and unambiguous language of the settlement is that the parties settle all claims relating to 250 Stockton Ave. All claims relating to 250 Stockton Ave. includes this litigation herein since the action concerned 250 Stockton Ave. Consequently, the parties agreed to settle this litigation and the sanctions were part of the litigation. To claim that the parties intended to leave the sanctions issue unresolved and outstanding is ridiculous. Additionally, Judge Grewal stated on the record that:

> **The parties have agreed to settle this case** as follows:
> With the following terms, again, being material and operative. One, there will be a release and is a release and/or settlement of all claims involving SVTX, Verio, NTTA and all affiliates thereof, relating to 250 Stockton, San Jose.
>            .   .   .
> I will let Judge Lloyd know, by the way, that the case has settled and that he should expect appropriate papers to be filed without unnecessary delay.
> (Emphasis added. Settlement Conference Transcript.)

    Defendants subsequently submitted a proposed release agreement to Plaintiff wherein the proposed release stated:

Judge Lloyd
October 22, 2013
Page 2

>   The Parties have agreed to resolve, compromise and settle, under the terms and conditions set forth herein, all disputes among them whether current or future, any of the Parties' affiliates, including all matters relating to the Lawsuit and certain related matters.[1]
>   (Defendants' proposed Settlement Agreement, Recitals, para. B.)

It is patently clear from Judge Grewal's statement of the settlement on the record and Defendants' proposed settlement agreement that the parties settled the action - the entire action - and there was nothing left unresolved.  As Judge Grewal stated, the parties agreed to "settle the case" and that he would let Judge Lloyd know "the case has been settled".   In fact it was the parties' understanding that the case had been settled in its entirety as reflected in Defendants' proposed settlement agreement.  The all inclusive language of Judge Grewal was embraced by Defendants when they fashioned a proposed settlement agreement, by which the parties agreed to "resolve, compromise and settle" . . . "all disputes among them".   There was nothing reserved by Judge Grewal in his recitation of the settlement terms on the record and it was Plaintiff's belief the case had been settled.  Consequently, the issue of sanctions was resolved in the settlement.

**The Court now lacks jurisdiction to award sanctions because the case has been dismissed and closed.**

The parties settled the above captioned action and Defendants' counsel signed a voluntary dismissal pursuant to FRCP 41(a)(1)(A)(ii) which was filed with the Court on September 26, 2013.  As a result of the filing of the voluntary dismissal, the case has been dismissed and the case closed on September 26, 2013.  Now, after stipulating to the dismissal of the case and the clerk closing the case, Defendants now wish to have the court rule on their request for sanctions.

This Court should now deny Defendants' request for sanctions on the grounds that the Court no longer has jurisdiction to make rulings on motions since Defendants stipulated to voluntarily dismiss the action.  In *Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)*, the Court stated that a dismissal pursuant to Rule 41(a)(1) is effective on filing, no court order is required, and such a dismissal leaves the parties as if no action had been filed.  Consequently, the Court has no jurisdiction to hear Defendants' motion for sanctions because Defendants stipulated to have the case voluntarily dismissed.

**Defendants' request for sanctions is unreasonable, highly questionable on its face, and should be denied.**

Defendants seek sanctions against Plaintiff pursuant to FRCP 37(b)(2)(C) which provides for an award of reasonable expenses, including attorney's fees, incurred to seek compliance with a

---

[1] Plaintiff objected to the settlement agreement to the extent that it purported to release unknown future claims and the settlement agreement was never signed.

Judge Lloyd
October 22, 2013
Page 3

discovery order unless the failure to comply with the discovery order was justified or other circumstances make an award of expenses unjust.

In the matter at hand, Defendant's request for sanctions are not reasonable and it would be unjust to award sanctions for Plaintiff's failure to comply with the Court's discovery order, as set forth below.

Defendants filed their original motion for sanctions and sought $21,227.50 for attorney's fees and costs incurred in bringing the motion for sanctions and for having to oppose "SVTX's motion for reconsideration". This Court stated in its July 30, 2013 order that: "[t]he Court will order SVTX to reimburse defendants for the fees and costs expended by them to secure compliance with the portions of the Discovery Order directed at SVTX. Because defendants lump together the amount spent responding to the motion for reconsideration and obtaining SVTX's compliance with the Discovery Order, without differentiation, defendants are invited to submit a new declaration with the supporting documentation that breaks out the amount spent securing SVTX's compliance with the Discovery Order."

Defendants' filed a supplemental declaration for sanction which sought $24,006.63 - more than the amount of sanctions originally requested - when the Court envisioned that Defendants's supplemental declaration would pare down the original sanctions request to an amount limited to just expenses incurred to obtain compliance with the Court's discovery order. Defendants failed to comply with the Court's directions and their request for sanctions should be denied. In addition, the monetary sanctions demanded by Defendants is unreasonable for the following reasons: (1) less than one page of Defendants' original 11 page motion for sanctions (on which Defendants claim $21,227.50 in attorney's fees was spent) was related to seeking Plaintiff's compliance with the Court's discovery order while the remainder of Defendants' motion related to other issues, consequently, less than 10% of Defendants' sanction motion related to obtaining production of documents order by the court and (2) the documents Defendants were demanding be produced were documents and photographs on a CD that were specifically identified in Plaintiff's document production as documents and things that would be produced (except for a two page document that Plaintiff claimed was privileged) that were inadvertently not included in the physical document production. With minimal effort, Defendants identified documents Plaintiff agreed to produce but were inadvertently not included in the physical production. Plaintiff did produce the requested documents the day after Defendants' motion was heard which consisted of 28 pages of documents and a CD that contained photographs that had previously produced. The effort to seek compliance was minimal an in no way are Defendants justified in obtain the sanctions in the amount requested.

Finally, Plaintiff requests that the Court take into consideration that the production demanded by Defendants was directed at a small business with only two people involved its management and the production involved reviewing 10 years of emails and reviewing documents on hard drives of computers that ceased being used years ago. After Plaintiff searched their files and computers to gather responsive documents, Plaintiff's counsel then spent 10 consecutive days working with Plaintiff to review all the relevant documents and Plaintiff was producing documents that had been generated by third parties, like E2C, Inc., which had already been produced.

Judge Lloyd
October 22, 2013
Page 4

                                           Very truly yours,

                                           /s/Marc L. Pinckney

                                           Marc L. Pinckney

MLP:mlp